## 22961

William W. PATE, Jr., Individually and as Executor and Trustee under Will of Alethea Fennell Pate, Respondent v. Stella Pate FORD, Wallace Fennell Pate, Jr., Dorothy Pate Bridgers, Alethea Beckham Pate and John McDonald Pate, each individually as the living grandchildren of Alethea Fennell Pate; Jack H. Mitchell, III, as Guardian ad Litem, representing a class composed of all unborn children of William W. Pate, Jr.; Stuart G. Anderson, as Guardian ad Litem, representing a class composed of all unborn children of Wallace F. Pate; Ben G. Leaphart, as Guardian ad Litem representing a class composed of Francis Bell Ford, III and William Pate Ford, minors under the age of 14 years, individually and as representatives of a class known as unborn great-grandchildren of Alethea Fennell Pate, Deceased, by Wallace Pate; and James M. Allison, as Guardian ad Litem representing a class composed of unborn great-grandchildren of Alethea Fennell Pate, Deceased, by William W. Pate, Jr., of whom Stella Pate Ford, Wallace Fennell Pate, Jr., Dorothy Pate Bridgers, Alethea Beckham Pate and John McDonald Pate, each individually and as the living grandchildren of Alethea Fennell Pate are Petitioners.

(376 S. E. (2d) 775)

Supreme Court

*R. David Massey* and *C. Vincent Brown*, of *Brown & Hagins, P.A.*, Greenville, *for petitioners.*

*James R. Gilreath*, Greenville, *for respondent William W. Pate, Jr., individually.*

*Vance B. Drawdy* and *Michael A. Farry*, of *Horton, Drawdy, Ward & Johnson, P.A.*, Greenville, *for respondent William W. Pate, Jr., as Executor and Trustee under the Will of Alethea Fennell Pate.*

*Jack H. Mitchell, III*, of *Mitchell & Ariail*, Greenville, *Guardian ad Litem for a class composed of all unborn children of William W. Pate, Jr.*

*Stuart G. Anderson, Jr.*, of *Anderson & Fayssoux*, Greenville, *Guardian ad Litem for a class of all unborn children of Wallace F. Pate.*

*Ben G. Leaphart*, of *Love, Thornton, Arnold & Thomason*, Greenville, *Guardian ad Litem for a class of William Pate Ford and Francis Bell Ford, III, minors under the age of 14 years, individually and as representatives of a class of all unborn great-grandchildren of Alethea Fennell Pate, deceased, born out of Walter F. Pate.*

*James M. Allison*, of *Mauldin & Allison*, Greenville, *Guardian ad Litem representing a class of all unborn great-*

*grandchildren of Alethea Fennell Pate, deceased, born out of William W. Pate, Jr.*

Heard Nov. 1, 1988.

Decided Feb. 6, 1989.

HARWELL, Justice:

This case involves construction of the Will of Alethea Fennell Pate (Mrs. Pate). We granted certiorari to review the decision of the Court of Appeals in *Pate v. Ford*, 293 S. C. 268, 360 S. E. (2d) 145 (Ct. App. 1987). We reverse in part and remand in part.

## FACTS

Mrs. Pate died on October 21, 1983, leaving two surviving sons, William W. Pate, Jr. (Billy) and Wallace F. Pate (Wallace). Mrs. Pate's husband predeceased her.[1] Wallace has five children who are Mrs. Pate's grandchildren and are the Petitioners in this case. Billy has no children.

Billy and Wallace were named as co-executors and co-trustees by Mrs. Pate's Will. Wallace resigned as executor and trustee and renounced all of his interest in Mrs. Pate's estate. Billy is the sole executor and trustee under Mrs. Pate's Will.

We granted certiorari to review the Court of Appeals' construction of two clauses of Mrs. Pate's Will. One clause established a trust fund naming Wallace as life beneficiary and Wallace's children (Petitioners) as remaindermen. The clause provides that:

> On Wallace's death, the trust shall terminate, and my trustees shall distribute the assets of the trust in equal shares *per stirpes* to my natural born grandchildren.

Rather than take under this devise, Wallace disclaimed his interest, assuming that Petitioners' interest would then be accelerated pursuant to the "disclaimer statute." S. C. Code Ann. § 21-37-50(a) (Cum. Supp. 1985). The Court of Appeals

---

[1] Mr. Pate died on November 9, 1979 and an action to construe his Will was consolidated with the action to construe Mrs. Pate's Will. The action to construe his Will was not appealed.

held the interest was not accelerated. For the reasons explained below, we reverse on this issue.

The second disputed clause involves the value of Mrs. Pate's homeplace, known as "Patewood." In Item (9) of her Will, Mrs. Pate provided Wallace a first option to purchase Patewood "at its appraised value" if it became necessary to sell it prior to final distribution of her estate. The Will further provided that, should Wallace choose not to exercise his option, his children (Petitioners) be allowed to purchase. Wallace chose not to exercise his option; Petitioners thereafter chose to purchase Patewood. The Court of Appeals held that the term "appraised value" as used in the Will meant fair market value at the time Petitioners purchased Patewood. For the reasons explained below, we reverse and remand on this issue.

## ISSUE I: ACCELERATION OF
## THE REMAINDER INTEREST

The South Carolina General Assembly set forth a ▐ █ statutory scheme for the "Disclaimer of Property Interests." S. C. Code Ann. § 21-37-10 to 80 (Cum. Supp. 1985).[2] Wallace's interest is a life interest, which is a disclaimable property interest. S. C. Code Ann. § 21-37-40(b). Wallace, as "a beneficiary of a trust," is a person who may make a disclaimer. S. C. Code Ann. § 21-37-40(a)(7). The statute governing the passage of such a disclaimed property interest reads:

> If a person becomes entitled to an interest in property because of the death of a decedent including ... a testator ... and the person disclaims the interest, the interest devolves ... as if the person predeceased the decedent, unless the instrument governing the devolution ... of the interest contains another disposition thereof in the event of a disclaimer....

S. C. Code Ann. 21-37-50(a). Under this statute, Wallace, having disclaimed, must be treated as though he predeceased Mrs. Pate. The interest then devolves to the re-

---

[2] These sections were repealed by Act. No. 539, 1986 Acts 3446, when the new probate code was enacted. Similar provisions are now contained in S. C. Code Ann. § 62-2-801 (1987 and Supp. 1987).

maindermen unless it can be shown that Mrs. Pate's Will provided for "another disposition" in the event of Wallace's disclaimer.

The Court of Appeals held that the language in the Will which reads "o[n] Wallace's death" acts as "another disposition." We disagree. A construction that the term "on Wallace's death" constitutes another disposition is not justified solely by the fact that after giving Wallace a life interest it is provided that the gift over shall take effect on his death. *See* Restatement of *Property* § 231, comment (j) (1936). The phrase "[o]n Wallace's death" was used only to indicate the provision of a life estate in Wallace.

The Court of Appeals reasoned that "as long the legal effect of [Mrs. Pate's] Will was to postpone distribution of the remainder interest until Wallace's death the Will provided for a different disposition from the statute." 360 S. E. (2d) at 154. This is a misinterpretation of the language of the statute, which allows acceleration "unless the instrument governing the devolution ... contains another disposition thereof in the event of the disclaimer ..." When the statute speaks of "another disposition," what is meant is an alternative disposition. This means Mrs. Pate would have had to provide for something else to happen to the interest between the time Wallace disclaimed and the time the interest devolved to Petitioners. There is no such provision in the Will. The interest goes direct from Wallace to the Petitioners.

We find that: 1) Wallace is a person who may properly disclaim; 2) Wallace, having disclaimed, is treated as though he predeceased Mrs. Pate; and 3) because no other disposition exists, the interests of the remaindermen are accelerated and vest. Accordingly, we reverse the Court of Appeals on this issue.

## ISSUE II: VALUATION OF PATEWOOD

Petitioners next argue that the term "appraised value" used in Item (9) of Mrs. Pate's Will is the fair market value of Patewood at the time of Mrs. Pate's death, as reflected by the warrant of appraisement; respondents argue that it is the fair market value of the home at the time Petitioners actually purchase the home. The Court of Appeals held that

fair market value at the time of purchase is the proper value to be used. We reverse the Court of Appeals and hold that the fair market value at the time of Mrs. Pate's death is the proper "appraised value."

In ascertaining the intent of the testator, we must view the Will as a whole. *May v. Riley*, 279 S. C. 248, 305 S. E. (2d) 77 (1983); *King V. South Carolina Tax Commission*, 253 S. C. 646, 173 S. E. (2d) (1970); *Gist v. Brown*, 236 S. C. 31, 113 S. E. (2d) 75 (1960). Further, a court must always first look to the language of the Will itself. *Bagwell v. Alexander*, 285 S. C. 331, 329 S. E. (2d) 771 (Ct. App. 1985). We find support for Petitioner's position by reading Items (9) and (13) of Mrs. Pate's Will together. Item (9) directs that Patewood be made available for purchase at its "appraised value." The only language in the Will referring to appraisals is found in Item (13). Item (13) directs the executors to have all the property in the estate "inventoried and appraised." In conducting this appraisal, executors are statutorily empowered to hire appraisers to assist them in ascertaining "fair market value." S. C. Code Ann. § 62-3-707 (1987). The Court of Appeals cited § 62-3-707 in part, stating that appraisers are "to ascertain fair market value of decedent's assets." 360 S. E. (2d) at 156. The Court of Appeals failed, however, to include additional language of the statute which explicitly directs appraisers to assist executors in determining "fair market value *as of the date of the decedent's death.*" [Emphasis added.] This language indicates that we are to be concerned with appraised value at death. Thus, the appraisal to be conducted pursuant to Item (13) must reflect value as of Mrs. Pate's death.

Respondents contend that allowing Petitioners to purchase at the fair market value at time of death will result in a windfall to Petitioners should they choose not to exercise their option for a long period of time. A fair reading of Mrs. Pate's Will indicates, however, that Petitioners do not have an indefinite period of time within which to exercise the option; rather the Will provides that this option be exercised only if "it becomes necessary to sell ... prior to a final administration of the estate." The purchase of Patewood, if undertaken, was to take place only during the administration is value at the time of decedent's

death. Accordingly, we hereby reverse the Court of Appeals on this issue.

At oral argument, counsel informed the Court that ■ the Internal Revenue Service successfully challenged the first warrant of appraisement as understating the value of Patewood. Since that challenge, a new warrant of appraisement has been filed. While we agree that the proper value is that found in the warrant, the warrant itself must be valid. Because the first warrant was successfully challenged, the value contained therein cannot be used. We therefore remand for the Master to determine whether a valid warrant of appraisement exists. If a valid warrant exists, the value it lists for Patewood is the price at which Petitioners may exercise their option to purchase Patewood.

Reversed and remanded.

GREGORY, C. J. and CHANDLER, FINNEY and TOAL, JJ., concur.