2324

In the Matter of The Last WILL and Testament of Mary Lightsey HALL. Mary Hall McCALLUM, Wilton E. Hall, Jr., and Perry D. Hall, individually and as Personal Representatives of the Estate of Mary Lightsey Hall; Perry D. Hall, Keri Dean Hall, and Tamah Hall McLain, John Hall McCallum, and Mary Jane McCallum, Respondents v. Sara Hall HAYES, Heather Ruth Hayes, John Alexander Hayes, and Megan Elizabeth Hayes, Appellants.

(456 S.E. (2d) 439)

Court of Appeals

*Dan A. Collins*, Greenville, *for appellants.*

*Michael F. Mullinax*, Anderson, *for respondents.*

Heard Feb. 7, 1995.

Decided Mar. 27, 1995.

CONNOR, Judge:

In this probate matter, Sarah Hall Hayes and her children appeal a circuit court order affirming the probate court's (1) characterizing the remainder interest Hayes' children received under the will of her mother, Mary Lightsey Hall, as contingent, and (2) declaring Hayes' attempt to disclaim her interest in the devised estate invalid. We affirm.

Mary Lightsey Hall (the Testatrix) died testate April 4, 1992. Her children, Mary Hall McCallum, Wilton E. Hall, Jr., Perry D. Hall, and Sarah Hall Hayes, survived her. Item III of the Testatrix's will provides as follows:

> 5. I give and devise my home and 2-story garage and storage room located at 229 South Boulevard, Anderson, South Carolina to my daughter, SARAH HALL HAYES, for her lifetime. At her death, or if she has not survived me, I give and devise the said real property to the children of SARAH HALL HAYES, to share and share alike, per stirpes. If no children of my said daughter then survives, such property shall be divided so as to provide a share of equal value for each child of mine surviving me and for the descendants of each deceased child of mine, per stirpes. In the event of such a distribution to several beneficiaries and they do not agree as to the division of such property, my Executors shall make such division among them in the manner my Executors determine, and the decisions of my Executors shall be in all respects binding upon the beneficiaries.

Item X of the will made Hall's four children co-executors (personal representatives). The Executors proceeded to administer the Testatrix's estate. All Executors, including Sarah Hall Hayes, executed a Deed of Distribution on December 9, 1992. This deed conveyed the property described in Item III to Sarah Hall Hayes.

On December 9, 1992, Hayes executed a Receipt and Release in which she acknowledged receipt of a life estate in the property, and filed it with the probate court. She immediately procured an insurance policy in her name as owner of the property. Furthermore, in December 1992 or January 1993, prior to filing a purported disclaimer of her interest in the property, Hayes listed the property for sale with Remax-Foothills Realty and listed herself as the owner and seller of the property.

On January 20, 1993, Hayes filed a document entitled "Disclaimer," in which she attempted to make a qualified disclaimer under the Internal Revenue Code as well as S.C. Code Ann. § 62-2-801 (1987 & Supp. 1993) (the South Carolina Probate Court).

In February 1993, Hayes' siblings brought an action asking the probate court to construe Item III of the Testatrix's will and to determine the validity of Hayes's disclaimer. They asserted Hayes's children held a contingent remainder in the property, not a vested remainder subject to divestiture. They further argued Hayes's disclaimer was invalid.

## I. DISCLAIMER

The probate court followed the established rule that property cannot be disclaimed after the donee has exercised dominion and control over it. The court found because Hayes had accepted the benefits of her life estate, she could not make a qualified disclaimer under federal law.[1] The court

---

[1] Federal law may be used to construe state law under § 62-2-801 of the South Carolina Probate Code. Subsection (f) reads:

> It is the intent of the legislature of the State of South Carolina by this provision to clarify the laws of this State with respect to the subject matter hereof in order to ensure the ability of persons to disclaim interests in property without the imposition of federal and state estate, inheritance, gift, and transfer taxes. This provision is to be interpreted and construed in accordance with, and in furtherance of, that intent.

S.C. Code Ann. § 62-2-801(f) (1987).

found Hayes took the following actions, which evidenced she had exercised power over the property before she executed the purported disclaimer.

1. executing a deed of distribution to herself in December 1992 as a co-executor or personal representative of the estate;
2. executing a receipt and release on December 9, 1992, in which she acknowledged receipt of a life estate in the property;
3. procuring insurance on the property in December 1992 or January 1993; and
4. listing the property for sale with Remax in early January 1993.

Hayes and her children appealed to the circuit court, which basically adopted the provisions of the probate court order.

On appeal, Hayes and her children argue the circuit court erred in affirming the probate court's determination that Hayes's purported disclaimer was invalid. They also argue that Hayes's disclaimer is effective, despite the fact that it may not be a "qualified disclaimer" for purposes of federal tax law.

S.C. Code Ann. § 62-2-801 (Supp. 1993) provides, in pertinent part:

(a) In addition to any methods available under existing law, statutory or otherwise, if a person . . ., as a disclaimant, makes a disclaimer . . . with respect to any transferor's transfer . . . to him of any interest in, including any power with respect to, property, or any undivided portion thereof, the interest, or such portion, is considered never to have been transferred to the disclaimant.

(d) Unless the transferor has provided otherwise in the event of a disclaimer, the disclaimed interest shall be transferred (or fail to be transferred, as the case may be) as if the disclaimant had predeceased the date of effectiveness of the transfer of the interest; the disclaimer shall relate back to that date of effectiveness for all purposes; and any future interest which is provided to take effect in possession or enjoyment after the termination of the disclaimed interest shall take effect as if the dis-

claimant had predeceased the date on which he or she as the taker of the disclaimed interest became finally ascertained and the disclaimed interest became indefeasibly vested. . . .

Furthermore, the Reporter's comments to Section 62-2-801 state:

The purpose of the enactment of Section 62-2-801 is to establish the state property law basis for the recognition of the effectiveness of such disclaimers for purposes of the application of the federal and state tax laws.

Moreover, South Carolina Code Ann. § 12-16-1910 (Supp. 1993) refers to Internal Revenue Code § 2518 for the definition and requirements of a disclaimer. Subsection (b) provides a qualified disclaimer must be an "irrevocable and unqualified refusal" to accept interest in property which is only valid if the person seeking to disclaim "has not accepted the interest of any of its benefits." 26 U.S.C. § 2518(b).

The South Carolina General Assembly has set forth a statutory scheme for the disclaimer of property interests. *Pate v. Ford*, 297 S.C. 294, 376 S.E. (2d) 775 (1989) (discussing the predecessor statute to § 62-2-801). Hence, to disclaim an interest in property, a transferee in South Carolina must comply with that scheme.

In this case, Hayes received her interest in the property on April 24, 1992, the day the Testatrix died. *See* S.C. Code Ann. § 62-3-101 (Supp. 1993) ("Upon the death of a person, his real property devolves to the persons to whom it is devised by his last will or to those indicated as substitutes for them in cases involving lapse, renunciation, or other circumstances affecting the devolution of testate estates. . . ."). She then had nine months, or until January 24, 1993, to deliver a valid disclaimer to the property. In December 1992, Hayes, as a co-representative of the estate, joined the other representatives in executing a deed of distribution, and also executed a receipt and release acknowledging she received items from the estate, including her life estate, as "beneficiary." Hayes thereafter exercised dominion and control over the property, most notably by listing it for sale in her own name as seller.

The probate court, affirmed by the circuit judge, held Hayes had "accepted the interest" prior to her attempt to disclaim it, so that the disclaimer was not a qualified disclaimer under 26 U.S.C. § 2518(b)(3). Where the circuit court, sitting as an appellate court, affirms the findings of the probate court pursuant to S.C. Code § 62-1-308, the "two-judge rule" should apply. *Dean v. Kilgore*, 313 S.C. 257, 437 S.E. (2d) 154 (Ct. App. 1993). Under that rule, because there is evidence which reasonably supports the lower court's factual findings, we must also affirm. We also affirm the lower court's holding that if an attempted disclaimer does not comply with § 62-2-801, it is not otherwise effective to disclaim an interest in property devised under a will.

## II. CHARACTERIZATION OF REMAINDER INTEREST

Hayes and her children next argue the lower court erred by characterizing the remainder interests to Hayes's children in Hall's will as contingent.

The lower court properly held the will must be considered in light of Hall's intent. *See Miller v. Rogers*, 246 S.C. 438, 144 S.E. (2d) 485 (1965) (the cardinal rule of construction is to ascertain and effectuate the intention of the testator). The probate judge specifically noted the disputed property was Hall's home place and, therefore, found an intent that her home be maintained for her children, grandchildren, and other heirs.

In order to characterize the remainder, words used to determine vesting must relate to one of three dates: (1) the date of the will; (2) the date of the testator's death; or (3) the date of the death of the life tenant. *Miller v. Rogers*, 246 S.C. at 444, 144 S.E. (2d) at 487 (quoting *Roundtree v. Roundtree*, 26 S.C. 450, 2 S.E. 474 (1887)). Here the words of survivorship, "If no children of my said daughter then survives," relate to the date of distribution, which is the death of the life tenant. Hayes's children's interest cannot vest until she dies, for until that time, it is impossible to know which, if any, of her children will be living at her death. Moreover, the will provided for a contingent disposition of the property if none of Hayes's children were living at Hayes's death. If words of survivorship relate to the period of distribution, or, here, the death of the life tenant, the remainder must be characterized as contingent because who will take the remainder

is uncertain until the life tenant's death. *Miller v. Rogers*, 246 S.C. 438, 144 S.E. (2d) 485 (1965); *Roundtree v. Roundtree*, 26 S.C. 450, 2 S.E. 474 (1887).

For the foregoing reasons, the circuit court order is

Affirmed.

HOWELL, C.J., and CURETON, J., concur.