520 S.E.2d 322

**In the Matter of the ESTATE OF William D. HOLDEN, Sr.,
William D. Holden, Jr., as Personal Representative for
the Estate of William D. Holden, Sr., Respondent,**

v.

**Zachary David HOLDEN and Julia Holden, Minors,
through their Guardian ad Litem, Allan E.
Fulmer, Jr., Appellants.**

**No. 3021.**

Court of Appeals of South Carolina.

Heard Dec. 8, 1998.

Decided July 6, 1999.

Rehearing Denied Sept. 11, 1999.

Allan E. Fulmer, Jr., of Allan E. Fulmer, P.A.; and James B. Richardson, Jr., of Svalina, Richardson & Larson, both of Columbia, for appellants.

Daniel K. Felker, of Ratchford & Associates, of Columbia, for respondent.

STILWELL, Judge:

In this probate matter, Zachary David Holden and Julia Holden, minors, through their guardian ad litem, appeal the circuit court's determination that disclaimers made by William Holden, Jr. and Robert Holden (Sons) were invalid. We reverse.

## FACTS

William Holden, Sr. died intestate January 3, 1992. He was survived by his wife, Julia S. Holden, the Sons, and one grandchild, William Jr.'s son, Zachary. William Jr.'s daughter Julia was born within ten months of the intestate's death.

After their father's death, the Sons filed disclaimers of their interests in their father's estate with the probate court. The letter from the Sons' attorney to the probate court transmitting the disclaimers described the documents as "Disclaimers of the decedent's children in favor of the decedent's spouse." The personal representative subsequently distributed the proceeds of the estate to Mrs. Holden.

After reviewing the closing documents for the estate, the probate court informed the personal representative that as a result of the Sons' disclaimers, the Sons' issue may inherit a portion of the intestate estate. In an effort to avoid the unintended result of the minor children receiving an interest in the estate, the Sons then attempted to revoke or withdraw their disclaimers. The Revocation and Withdrawal of Disclaimer executed by each Son provided, "it was my intent in entering into this said Disclaimer and Renunciation of Interest to disclaim and renounce my intestate interest in favor of my mother Julia S. Holden, the spouse of the Decedent, so that she would become the sole heir of the Estate. . . ."

The probate court appointed a guardian ad litem for the grandchildren and conducted a hearing to determine the validity of the disclaimers and the effect of the attempted revocation of them. The probate court held the Sons' disclaimers were valid disclaimers for federal tax law purposes. In addition, the probate court ruled the purported revocations or withdrawals of the disclaimers were ineffective and that the disclaimers would be honored. The court ordered that 50% of the estate's assets be distributed to the grandchildren.

The circuit court, however, reversed the probate court's ruling. It found the Sons attempted to direct the disclaimed interests to their mother; therefore, the disclaimers did not meet the requirements of a qualified disclaimer for federal tax law purposes. Because the disclaimers were not "qualified disclaimers" they did not comply with South Carolina's statutory scheme for disclaiming interests in estates and were, therefore, ineffective.

## DISCUSSION

The grandchildren argue the circuit court erred in finding the disclaimers were invalid. We agree.

The statutory scheme that permits an heir to disclaim inherited property in South Carolina is circular—the applicable South Carolina statutes refer to the federal statutes and the federal statutes refer back to the applicable state statutes. The general rule is that the substantive law of South Carolina will control. The South Carolina General Assembly explained:

It is the intent of the legislature of the State of South Carolina by this provision to clarify the laws of this State with respect to the subject matter hereof in order to ensure the ability of persons to disclaim interests in property without the imposition of federal and state estate, inheritance, gift, and transfer taxes. This provision is to be interpreted and construed in accordance with, and in furtherance of, that intent.

S.C.Code Ann. § 62–2–801(f) (1987).

In order to disclaim an interest in property, a disclaimant must comply with the applicable South Carolina statutes. See Pate v. Ford, 297 S.C. 294, 376 S.E.2d 775 (1989) (discuss-

ing the predecessor statute to § 62–2–801); *McCallum v. Hayes,* 318 S.C. 188, 456 S.E.2d 439 (Ct.App.1995). The Probate Code's disclaimer statute provides that if a person makes a disclaimer as defined in § 12–16–1910, then the interest disclaimed is considered as if it had never been transferred to the disclaimant. S.C.Code Ann. § 62–2–801(a) (Supp.1998).

■ Section 12–16–1910 provides that "if a person as defined in Section 62–2–801 makes a disclaimer as provided in Internal Revenue Code Section 2518 with respect to any interest in property, this chapter applies as if the interest had never been transferred to the person." S.C.Code Ann. § 12–16–1910 (Supp.1998). Accordingly, we may look to federal law for guidance in determining the validity of a disclaimer. *See McCallum,* 318 S.C. at 190 n. 1, 456 S.E.2d at 440 n. 1 (stating that federal law may be used to construe state law under § 62–2–801).

■ Internal Revenue Code § 2518 defines a qualified disclaimer as "an irrevocable and unqualified refusal" to accept an interest in property but only if:

    (1) such refusal is in writing,

    (2) such writing is received by [the proper person within the specified time limit],

    (3) such person has not accepted the interest or any of its benefits, and

    (4) as a result of such refusal, the interest passes without any direction on the part of the person making the disclaimer and passes either—

        (A) to the spouse of the decedent, or

        (B) to a person other than the person making the disclaimer.

I.R.C. § 2518(b) (1994).

The Treasury Department has interpreted I.R.C. § 2518's requirement that the disclaimed interest pass without direction by the disclaimant as meaning: "If there is an express or implied agreement that the disclaimed interest in property is to be given or bequeathed to a person specified by the disclaimant, the disclaimant shall be treated as directing the

transfer of the property interest." Treas.Reg. § 25.2518–2(e)(1) (1997).

It was on this ground that the circuit court reversed the probate court and found that the Sons' disclaimers were invalid. The circuit court ruled that the Sons intended the disclaimed property to go to their mother as was indicated in the letter from their attorney to the probate court by which he transmitted the original disclaimers. The disclaimers themselves, however, contained no condition and stated "I hereby disclaim and renounce any interest in the estate and relinquish any claim I may have to it."

The Sons contend that the language in their attorney's letter is evidence of their intent to pass the disclaimed property on to their mother. They claim that the filing letter wording which stated "Enclosed please find ... two (2) Disclaimers of the decedent's children *in favor of the decedent's spouse*, along with copies of same" limited the disclaimer. (Emphasis added.) Therefore, the disclaimer violated I.R.C. § 2518(b)(4) because it was the Sons' attempt to direct their disclaimed share to their mother. They claim that the disclaimers were not ever qualified disclaimers because of the express or implied agreement to have it pass to their mother. We disagree.

The statute provides that, as a result of the disclaimer, "the interest passes without any direction on the part of the person making the disclaimer." *See* I.R.C. § 2518(b)(4). In this case, the interest *did* pass without any direction on the Sons' part— it passed to the decedent's grandchildren, in accordance with South Carolina intestacy laws.

South Carolina's disclaimer statute provides a disclaimed interest passes as if the disclaimant had predeceased the transfer, unless the transferor provided otherwise. S.C.Code Ann. § 62–2–801(d) (1987). Pursuant to South Carolina's intestacy statutory scheme, one half of the decedent's estate passes to the surviving spouse and the remaining estate passes to the issue of the decedent. The Probate Code defines issue as *all* lineal descendants. S.C.Code Ann. § 62–1–201(21) (1987). Accordingly, when treating the Sons as predeceased, under operation of state law, the grandchildren are the takers of one half of the intestate estate.

We find the West Virginia case of *Webb v. Webb,* 171 W.Va. 614, 301 S.E.2d 570 (1983), persuasive on this issue. Webb, an adopted son, inherited a one-half undivided interest in his father's estate. His mother inherited the other half of the estate. Believing that his father wanted Webb's mother to have fee title to all the real property, Webb consulted an attorney who advised him that he could execute a disclaimer and that his mother would then inherit the property.

Webb had an infant daughter, a fact he did not discuss with the attorney before the disclaimer was filed. The attorney only learned of the child when Webb consulted him about a child support action. After Webb learned that his infant daughter would inherit his share of the estate because of the disclaimer, he sought to have the disclaimer declared void and set aside on the ground of mistake.

While noting that Webb had discussed the tax advantages of a disclaimer with the attorney, the supreme court of appeals found that it was apparent from the record that Webb's motivation in executing the disclaimer was to pass full title to the real estate to his mother, in accordance with his perception of his father's wishes. *Id.* at 573. Nevertheless, the court agreed with the circuit court that Webb's mistake in executing the disclaimer was a mistake of law rather than a mistake of fact because Webb was fully aware of the existence of his daughter, but did not realize the legal consequences of the disclaimer. *Id.* at 575.

█ We find the same here. The Sons were under the mistaken impression that by executing the disclaimers, their mother would take their interest in the estate. This was a mistake of law rather than one of fact. It is the general rule that a court of equity will not, where a mistake of law is disclosed, grant relief from the consequences thereof in the absence of fraud or undue influence. *See Smothers v. United States Fidelity & Guar. Co.,* 322 S.C. 207, 470 S.E.2d 858 (Ct.App.1996).

Accordingly, the order of the circuit court is

**REVERSED.**

HOWELL, C.J., concurs.

ANDERSON, J., dissents.

ANDERSON, Judge (dissenting):

I respectfully dissent. I disagree with the analysis and reasoning of the majority. I would affirm.

## *ISSUE*

Did the Circuit Court err in finding Sons' disclaimers to their father's estate were ineffective and that Sons retained their interests in the estate?

## *LAW/ANALYSIS*

The guardian ad litem for the grandchildren contends the Circuit Court erred in finding Sons' disclaimers were invalid. I disagree.

To disclaim an interest in property, a disclaimant is required to comply with the statutory scheme set forth by the South Carolina General Assembly. *Pate v. Ford,* 297 S.C. 294, 376 S.E.2d 775 (1989) (discussing the predecessor statute to § 62–2–801); *In re Will of Hall,* 318 S.C. 188, 456 S.E.2d 439 (Ct.App.1995). The declared intent of the South Carolina General Assembly in enacting the statutory scheme for disclaimers was "to clarify the laws of this State with respect to the subject matter hereof in order to ensure the ability of persons to disclaim interests in property without the imposition of federal and state estate, inheritance, gift, and transfer taxes. This provision is to be interpreted and construed in accordance with, and in furtherance of, that intent." S.C.Code Ann. § 62–2–801(f) (1987).

The South Carolina Probate Code's disclaimer statute provides a person may disclaim an inheritance as follows:

In addition to any methods available under existing law, statutory or otherwise, if a person ..., as a disclaimant, makes a disclaimer as defined in § 12–16–1910 of the 1976 Code, with respect to any transferor's transfer (including transfers by ... intestacy ...) to him of any interest in ...

property, . . . the interest . . . is considered never to have been transferred to the disclaimant.

S.C.Code Ann. § 62–2–801(a) (Supp.1998).

Section 12–16–1910, referenced above, deals with the effect of a disclaimer of a property interest for purposes of estate taxes. This section states "if a person as defined in Section 62–2–801 [the disclaimer statute] makes a disclaimer as provided in Internal Revenue Code Section 2518 with respect to any interest in property, this chapter applies as if the interest had never been transferred to the person." S.C.Code Ann. § 12–16–1910 (Supp.1998). Section 2518 of the Internal Revenue Code, concerning estate and gift taxes, defines a "qualified disclaimer" for purposes of federal tax laws as follows:

(a) **General rule.**—For purposes of this subtitle, if a person makes a qualified disclaimer with respect to any interest in property, this subtitle shall apply with respect to such interest as if the interest had never been transferred to such person.

(b) **Qualified disclaimer defined.**—For purposes of subsection (a), the term "qualified disclaimer" means an irrevocable and unqualified refusal by a person to accept an interest in property but only if—

(1) such refusal is in writing,

(2) such writing is received by the transferor of the interest, his legal representative, or the holder of the legal title to the property to which the interest relates not later than the date which is 9 months after the later of—

(A) the day on which the transfer creating the interest in such person is made, or

(B) the day on which such person attains 21,

(3) such person has not accepted the interest or any of its benefits, and

(4) as a result of such refusal, the interest passes without any direction on the part of the person making the disclaimer and passes either—

(A) to the spouse of the decedent, or

**(B)** to a person other than the person making the disclaimer.

26 U.S.C.A. § 2518 (1994).

The United States Treasury Department has interpreted the Internal Revenue Code's requirement in § 2518(b)(4) that the disclaimed interest pass "without any direction" on the part of the disclaimant. The Department explained:

(e) Passage without direction by the disclaimant of beneficial enjoyment of disclaimed interest—(1) In general. A disclaimer is not a qualified disclaimer unless the disclaimed interest passes without any direction on the part of the disclaimant to a person other than the disclaimant.... If there is an express or implied agreement that the disclaimed interest in property is to be given or bequeathed to a person specified by the disclaimant, the disclaimant shall be treated as directing the transfer of the property interest.

Treas.Reg. § 25.2518–2(e)(1) (1997).

Sons and Mrs. Holden testified at the Probate Court hearing it was their agreement that the property was to pass to Mrs. Holden. Further, this agreement is expressly stated in the cover letter that accompanied the filing of the disclaimers.

The guardian asserts on appeal that parol evidence was not admissible to vary the legal effect of the disclaimers. However, the guardian did not object in a Rule 59, SCRCP, motion to the Circuit Court's use of parol evidence in its decision. This argument, therefore, is not preserved. *See Talley v. South Carolina Higher Educ. Tuition Grants Comm.,* 289 S.C. 483, 347 S.E.2d 99 (1986) (issue may not be raised for first time on appeal); *United Dominion Realty Trust, Inc. v. Wal–Mart Stores, Inc.,* 307 S.C. 102, 413 S.E.2d 866 (Ct.App.1992) (where Circuit Court sitting on appeal did not address an issue and party made no motion pursuant to Rule 59(e), SCRCP, to have it rule on the issue, the allegation was not preserved for further review by Court of Appeals). This Court should consider the same evidence the Circuit Court used in evaluating whether that court erred. Further, according to Treasury Regulation § 25.2518–2(e)(1), either an express or an implied agreement may be considered "direction" by the disclaimant. An implied agreement may be evidenced only by parol evidence.

I find that an express and an implied agreement existed for Sons to give their interests to their mother. Under the Treasury Regulation, Sons are treated as having directed their interests to their mother. Accordingly, the Circuit Court correctly held Sons' disclaimers were not "qualified disclaimers" and are, therefore, ineffective to transfer property pursuant to South Carolina's disclaimer statutory scheme. The attempted disclaimers are void. Consequently, Sons retain their intestate interests in their father's estate.

## *CONCLUSION*

I agree with the Circuit Court's determination that Sons' disclaimers were invalid because they failed to meet the requirements of a "qualified disclaimer" under the Internal Revenue Code by attempting to direct the disposition of the property, and they were, therefore, invalid under state law. Consequently, Sons retain their interests in their father's estate. I would affirm the decision of the Circuit Court.