19669

Margaret I. MUCKELVANEY, Appellant, v. LIBERTY LIFE
INSURANCE COMPANY, Respondent

(198 S. E. (2d) 278)

*Messrs. Way, Burkett & Wise,* of Charleston, *for Appellant,* cite:

*Messrs. Bailey and Buckley,* of Charleston, *for Respondent,* cite:

August 1, 1973.

BRAILSFORD, Justice:

In this action to recover the death benefit of $25,000.00 under a life insurance policy, the circuit court sustained a demurrer to the complaint for insufficiency of facts to state a cause of action. The beneficiary, who is the widow of Amar Muckelvaney, the insured, has appealed on a number of exceptions, which, according to the brief, raise a single question, "Do the allegations of the complaint show the existence of a contract of insurance?"

The complaint declares upon the written policy, including the application, and copies of both are incorporated into the complaint by reference. By its terms, the effective date of the policy was the date of issue, *i.e.*, January 1, 1972, upon payment of the first premium during the life of the insured. The application is dated November 3, 1971, and the following appears under "Special Requests," "Please date policy January 1, 1972." The insured was accidentally killed on December 10, 1971, some twenty days prior to the date of issue specified in the policy. We must determine whether the additional allegations of the two "count" complaint, which we summarize below, are, nevertheless, sufficient, if proved, to establish an existing contract of insurance on the date of insured's death.

### "Count One"

The policy for which plaintiff's husband applied on November 3, 1971, was solicited by defendant's agent, one Dubois, who had sold, and serviced, a number of policies to Mr. and Mrs. Muckelvaney over a period of several years. It was the agent's practice "to credit the monthly premiums on behalf of the Plaintiff and her husband on or about the first of each month and then actually collect the premiums at some later date." When the application was signed on November 3, 1971, "certain portions (of it) were blank." At that time it was agreed by plaintiff's husband and the agent that the policy "would become effective immediately upon approval by the (company) and that (Dubois) would, as usual, credit the premium and collect for same at a later date." While Dubois was at the Muckelvaney home on December 10 to collect on another policy, he told plaintiff "that the new policy on her husband had been issued and it was effective and that he (Dubois) would credit her account and collect for the premium in January, 1972." On December 13, 1971, Dubois told plaintiff that the policy was not effective because the premium had not been paid. On information and belief, the policy in question was issued prior to December 1, 1971, and defendant's denial of coverage constitutes a breach of contract.

### "Count Two"

After incorporating the allegations of "count one" by reference, it is alleged that "the acts of (Dubois) were done with the intent to defraud and deceive the plaintiff and said acts accompanied the aforesaid breach of contract and thereby constituted a breach of contract with fraudulent intent, all to the general damage and detriment of the plaintiff."

The demurrer was on the ground that it appears upon the face of the complaint, including the incorporated exhibits, that no contract of insurance existed on the date of insured's death; hence, there was no breach of contract entitling plaintiff to recover either actual or punitive damages.

The circuit judge, concluding that "the very policy sued on by Plaintiff shows on its face that it did not become effective" prior to the insured's death, sustained the demurrer. We agree.

The allegations as to prior negotiations and agreements between plaintiff's husband and Dubois merged into the written application for insurance. Evidence to establish such prior representations would be inadmissible under the parol evidence rule. Since this rule is one of substantive law, "the terms of the writing are controlling, even though evidence within its inhibition is admitted without objection or . . . is admitted over appropriate objection." *Adams v. Marchbanks,* 253 S. C. 280, 282, 170 S. E. (2d) 214, 215 (1969), and authorities therein cited. The terms of the application and policy, on which plaintiff expressly pitches her cause of action, control the repugnant conclusionary allegations of the complaint as to the effective date of coverage, even for the purposes of the demurrer. *Cf. Lindley v. Yeatman,* 242 N. C. 145, 87 S. E. (2d) 5, 10, (1955) ; 61 Am. Jur. (2d) Pleading, Sec. 255 (1972).

The allegation as to a statement concerning the existence of the policy made to plaintiff by Dubois on December 10, 1971, when in her home on another mission, is insufficient basis for estoppel. It was a voluntary remark, made, inferentially, a few hours before insured's untimely death, on which there was no reliance by plaintiff or the insured. Certainly, there is nothing in the complaint from which prejudice to either from this statement could possibly be inferred.

Although divided into two "counts," the complaint states only one cause of action for breach of contract. The so-called second count merely adds a general allegation of fraud accompanying the *breach* for which punitive damages are sought. The breach of the alleged contract of insurance is of the essence of the entire complaint. If plaintiff is entitled to

any other remedy, she has not alleged the factual basis therefor in her complaint.

We have carefully considered the authorities cited by plaintiff relating to estoppel. All are readily distinguishable on the facts, and we find none persuasive against the conclusion we reach.

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.