### 22515

Eugene DUPONT, III, Respondent v. SOUTHERN NATIONAL BANK OF HOUSTON, TEXAS, Trustee, Edward J. Brady, Trustee, John H. Garner, Trustee, Eugene duPont, IV, a Minor, Margaret Irene Jones, Daphne Burma Vaughan, Leslie Dudley Myrin, Genette Lee duPont, a Minor, John duPont Waters, Virginia Irene Waters, Benjamin Franklin Vaughan, IV, Cuthbert Lata Myrin, Jr., a Minor, and Mimi duPont Myrin, a Minor, Defendants of whom Southern National Bank of Houston, Texas, Trustee, Edward J. Brady, Trustee, John H. Garner, Trustee, and Eugene duPont, IV, are, Appellants.

(342 S. E. (2d) 590)

Supreme Court

*James H. Moss* and *H. Fred Kuhn, Jr.*, of *Moss, Bailey & Dore*, Beaufort, and *Robert A. Gwinn*, of *Johnson, Bromberg & Leeds*, Dallas, Tex., *for appellants Southern Nat. Bank*, Houston, Tex., *Edward J. Brady* and *John H. Garner*.

*Henry B. Smythe* and *David B. McCormick*, of *Buist, Moore, Smythe & McGee*, Charleston, *for appellant Eugene duPont, IV*.

*Colden R. Battey, Jr.*, of *Harvey & Battey*, Beaufort, *for respondent*.

Submitted Feb. 26, 1986.

Decided March 31, 1986.

GREGORY, Justice:

Respondent commenced this action to set aside several

deeds alleging mistake in conveyances to a trust.[1] Appellants moved for the case to be transferred to the jury roster. This appeal is from the denial of that motion. We affirm.

In an action to set aside a deed, a party's right to a ██ jury trial is determined by whether the dispute raises legal or equitable issues. *Union Central Life Ins. Co. v. Crouch*, 189 S. C. 57, 200 S. E. 356 (1938). Respondent's complaint, although poorly drafted, raises a simple question — whether respondent was mistaken in his conveyances to the trust. This Court, through long-established precedent, has recognized that an action alleging mistake is in equity. *See Turner v. Washington Realty Co.*, 128 S. C. 271, 122 S. E. 768 (1924).[2] Therefore, the trial judge properly denied appellants' motion.

Affirmed.

NESS, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.

---

[1] The complaint was drawn with three causes of action; however, all three essentially allege mistake in the conveyances.

[2] *Turner* addressed the propriety of relief in an action based on mistake; however, it is clear that resolution of the issue in that case was dependent on a preliminary finding that the action was in equity.