Wilkins Lee BYRD, Kay R. Larson, John Norwood Klettner, Laura K. Bynum, Ann B. Crump, Robert Larsen, Joan Rutledge Gary, John Robert Stanton, Charles E. Stanton, Byrd L. Thomson, and John Doe and Richard Roe as Representatives of all persons unknown claiming any right, title, estate, interest in or lien upon the real estate described in the appeal herein, including but not limited to any unknown owners, unknown heirs, unknown devisees of S.W. Byrd, Mary Moore Byrd, Etta B. Klettner, S. J. Klettner, Sr., Susan Wilkins Byrd, Mary M. Byrd, Joseph D. Rutledge, John R. Larsen, Charles E. Byrd, Jewel Butler Byrd, Wilkins Norwood Byrd, Ruth Byrd, Marian Moore Byrd, Mary K. Stanton, S. J. Klettner, Jr., Mary R. Larsen, John Rutledge Gary, Jewel Elizabeth Byrd, or any person, any unknown infants of persons under disability or persons in the military service designated in a class as Richard Roe, as to the property described in the petition herein and designated as Tax Map No. 076–00–02–004, Appellants,

v.

E. Butler MCDONALD, Respondent.

Appellate Case No. 2014–000589
Opinion No. 5409

Court of Appeals of South Carolina.

Heard January 7, 2016
Filed June 8, 2016

Brown W. Johnson, of Clarke Johnson Peterson & McLean, PA, of Florence, for Appellants.

Gena Phillips Ervin, of Orr Elmore & Ervin, LLC, of Florence, for Respondent.

LOCKEMY, J.:

In this action for partition and the determination of heirs, Wilkins Byrd (Wilkins), Kay Larsen, John Klettner, Laura Bynum, Ann Crump, Robert Larsen, Joan Gary, John Stanton, Charles Stanton, Byrd Thompson, and unknown persons claiming an interest in the subject real property (collectively, Appellants) appeal the circuit court's affirmance of the probate court's decision to order the public sale of real property owned jointly by Appellants and E. Butler McDonald (McDonald). On appeal, Appellants argue the probate court (1) erred in treating the percentages of ownership as personal property rather than as realty, (2) lacked subject matter jurisdiction to hear the partition action, (3) erred in applying section 15–61–25(A) of the South Carolina Code (2006) rather than section 62–3–911 of the South Carolina Code (Supp. 2012), (4) erred in finding Appellants failed to comply with the probate court's order, (5) erred in holding partition by allotment was not practical and in ordering a public sale, and (6) erred in awarding reasonable attorney's fees and costs to McDonald

pursuant to section 15–61–110 of the South Carolina Code (2005). We affirm in part and vacate in part.

## FACTS

S.W. Byrd owned real property in Darlington County (the S.W. Byrd Farm), ownership of which passed to his heirs upon his death in 1923. The estates of several of S.W. Byrd's heirs were not probated. In April 2012, McDonald filed with the Darlington County Probate Court a petition to determine the heirs of S.W. Byrd and physically partition the S.W. Byrd Farm. At that time, more than ten years had passed since the deaths of S.W. Byrd's original heirs, so their unprobated estates could not be probated.[1]

At trial, McDonald referred to a chart he believed correctly listed the owners of the S.W. Byrd Farm and their percentages of ownership of the property (the heir chart). Wilkins believed the heir chart correctly identified the heirs but incorrectly listed some of the percentages of ownership. Specifically, Wilkins believed the interest of one deceased relative, Betty Byrd, was treated as personal property passing under Georgia law rather than as real property passing under South Carolina law. Consequently, Wilkins believed the heir chart did not accurately reflect the percentages of ownership by Betty Byrd's heirs.

In its order, the probate court listed the names of S.W. Byrd's heirs and their percentages of ownership of the S.W. Byrd Farm. The probate court found no interested party had timely notified McDonald's counsel of a desire to purchase the S.W Byrd Farm. The probate court also found physical partition of the property was impractical and ordered the property to be sold at auction. Finally, the probate court found, pursuant to section 15–61–110, McDonald was entitled to reimbursement of his attorney's fees and costs incurred in bringing the action. On appeal, the circuit court affirmed the probate court's order. This appeal followed.

---

1. *See* S.C. Code Ann. § 62–3–108 (2009 & Supp. 2015) (establishing, subject to certain exceptions, a time limitation of ten years after a decedent's death for commencement of any proceeding to determine whether a decedent died testate or for commencing administration of the decedent's estate).

## STANDARD OF REVIEW

"A proceeding in probate court may either be an action at law or in equity." *In re Estate of Holden*, 343 S.C. 267, 278, 539 S.E.2d 703, 709 (2000). "Whether the action is one at law or in equity is determined by the nature of the pleadings and the character of the relief sought." *Id.* "When a probate court proceeding is an action at law, the circuit court and the appellate court may not disturb the probate court's findings of fact unless a review of the record discloses there is no evidence to support them." *Neely v. Thomasson*, 365 S.C. 345, 349–50, 618 S.E.2d 884, 886 (2005). "Questions of law, however, may be decided with no particular deference to the lower court." *Id.* at 350, 618 S.E.2d at 886. "The question of subject matter jurisdiction is a question of law." *Porter v. Labor Depot*, 372 S.C. 560, 567, 643 S.E.2d 96, 100 (Ct. App. 2007).

## LAW/ANALYSIS

### A. Percentages of Ownership

Appellants argue the probate court erred in treating Betty Byrd's percentage of ownership as personal property rather than as realty. According to Appellants, the percentages listed in the heir chart—and adopted by the probate court—improperly treated Betty Byrd's interest in the S.W. Byrd Farm as if it passed as personal property under Georgia law.

We agree with Appellants that South Carolina law governed the descent of Betty Byrd's interest in the S.W. Byrd Farm. *See Stent v. McLeod's Ex'rs*, 7 S.C.Eq. 354, 355 (S.C. App. L. & Eq. 1827) (stating real estate descends according to the law of the state in which the land lies). However, no evidence was presented that the probate court treated Betty Byrd's interest in the S.W. Byrd Farm as personal property passing under Georgia law. At trial, the parties referenced the heir chart that set forth their percentages of ownership in the S.W. Byrd Farm. We cannot assess Appellants' assertion that the percentages listed in the heir chart were incorrect because the heir chart was not admitted as an exhibit at trial and was not included in the Record on Appeal. *See* Rule 210(h), SCACR ("Except as provided by Rule 212 and Rule 208(b)(1)(C) and

(2), the appellate court will not consider any fact which does not appear in the Record on Appeal"); *Solley v. Navy Fed. Credit Union, Inc.*, 397 S.C. 192, 214, 723 S.E.2d 597, 608 (Ct. App. 2012) (stating "the appellant has the burden of providing an adequate record on appeal"). Accordingly, because the Record on Appeal does not support Appellants' argument, we affirm the probate court's determination of the heirs and their percentages of ownership.

## B. Subject Matter Jurisdiction

■ Appellants argue the probate court lacked subject matter jurisdiction over the partition action. We agree.

■ "[T]he extent of the probate court's jurisdiction is defined by our legislature." *Judy v. Judy*, 393 S.C. 160, 169, 712 S.E.2d 408, 412 (2011). The version of section 62–1–302(a)(1) of the South Carolina Code in effect at the time of trial described the probate court's jurisdiction as follows:

> To the full extent permitted by the Constitution, and except as otherwise specifically provided, the probate court has exclusive original jurisdiction over all subject matter related to ... *estates of decedents, including the ... determination of heirs and successors of decedents* ....

S.C. Code Ann. § 62–1–302(a)(1) (2009) (emphases added) (amended by 2013 Act. No. 100, § 1, effective Jan. 1, 2014).

Concerning partition actions filed in probate court, "[w]hen two or more heirs or devisees are entitled to distribution of undivided interests in any ... real property of the estate, ... one or more of the heirs or devisees may petition the court *prior to the closing of the estate*, to make partition." S.C. Code Ann. § 62–3–911 (Supp. 2012) (emphasis added) (amended by 2013 Act No. 100, § 1, effective Jan. 1, 2014).

Regarding the circuit court's jurisdiction over partition actions, section 15–61–50 of the South Carolina Code (2005) provides as follows:

> The court of common pleas has jurisdiction in all cases of real and personal estates held in joint tenancy or in common to make partition in kind or by allotment to one or more of the parties upon their accounting to the other parties in interest for their respective shares or, in case partition in

kind or by allotment cannot be fairly and impartially made and without injury to any of the parties in interest, by the sale of the property and the division of the proceeds according to the rights of the parties.

We find the probate court lacked subject matter jurisdiction over the partition action.[2] Section 62-1-302 did not provide the probate court with subject matter jurisdiction because this case involved a partition action and section 62-1-302 does not give the probate court jurisdiction over partition actions; rather, section 62-1-302 merely gives the probate court subject matter jurisdiction over the estates of decedents.

In addition, section 62-3-911 did not provide the probate court with subject matter jurisdiction over the partition action because the estate of S.W. Byrd was closed in 1948 and section 62-3-911 authorizes subject matter jurisdiction over partition actions only while the estate remains open. Appellants presented to the probate court uncontested evidence that S.W. Byrd's estate was closed in 1948.

Specifically, Appellants presented an order stating, "[T]he Petitioner is from henceforth and forever discharged and dismissed from all liability as Administrator of the foresaid . . . [sic]." The probate court looked at the document and said, "It didn't get copied, but that's that. All right."[3] By this statement, the probate court indicated the order was, as Appellants asserted, an order closing S.W. Byrd's estate. Further, at oral argument before this court, Appellants' attorney stated S.W. Byrd's estate was closed in 1948, and McDonald's attorney did not contest that assertion. Accordingly, we find the probate court lacked subject matter jurisdiction over this partition action.

The circuit court has subject matter jurisdiction over the trial of this partition action, and any further action in this matter should be brought in the circuit court.

---

2. We address this issue even though Appellants did not raise it to the circuit court because lack of subject matter jurisdiction can be raised at any time. *See Ex parte Cannon*, 385 S.C. 643, 654, 685 S.E.2d 814, 820 (Ct. App. 2009) ("Lack of subject matter jurisdiction can be raised at any time, even for the first time on appeal, by a party or by the court.").

3. This order was not included in the Record on Appeal.

## C. Remaining Issues Raised on Appeal

Because we find the probate court lacked subject matter jurisdiction over this partition action, we need not address the remaining issues Appellants raise on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when resolution of a prior issue is dispositive).

## CONCLUSION

For the foregoing reasons, we affirm the probate court's determination of S.W. Byrd's heirs and their percentages of ownership of the S.W. Byrd Farm. However, because the probate court lacked subject matter jurisdiction over the partition action, the probate court's order is vacated as to the remaining issues.

**AFFIRMED IN PART, VACATED IN PART.**

KONDUROS, J., and FEW, A.J., concur.