**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Newtek Small Business Finance, Inc., Respondent,

v.

Kiritkumar H. Mehta, Appellant.

Appellate Case No. 2015-001633

Appeal From Orangeburg County
James B. Jackson, Jr., Master-in-Equity

Unpublished Opinion No. 2018-UP-091
Submitted September 8, 2017 – Filed February 28, 2018

**REVERSED AND REMANDED**

Andrew Sims Radeker, of Harrison & Radeker, P.A., of Columbia, for Appellant.

Bryan D. Caskey, of Caskey & Imgrund, LLC, of Columbia, for Respondent.

**PER CURIAM:** Kiritkumar Mehta appeals the circuit court's grant of summary judgment in favor of Newtek Small Business Finance, Inc., arguing the circuit court erred in excluding Mehta's affidavit from its consideration as extrinsic evidence, finding inapplicable the third party exception to the parol evidence rule, and depriving him of a full and fair opportunity to complete discovery. Mehta

additionally appeals the circuit court's denial of his motion to amend the pleadings. We reverse and remand pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the circuit court erred in granting summary judgment in favor of Newtek, the circuit court acknowledged there was a material issue of fact as to the remaining principal sum Mehta owed Newtek and expressed concern regarding Quantum Mortgage Corporation's resale of the Sun Moon Inn (the Property).[1]  *See* Rule 56(c), SCRCP ("The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."); *Wilson v. Style Crest Prods., Inc.*, 367 S.C. 653, 656, 627 S.E.2d 733, 735 (2006) ("Even when there is no dispute as to the evidentiary facts, but only as to the conclusions or inferences to be drawn from them, summary judgment should be denied."); *MacFarlane v. Manly*, 274 S.C. 392, 395, 264 S.E.2d 838, 840 (1980) ("Summary judgment should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable."); *Pee Dee Stores, Inc. v. Doyle*, 381 S.C. 234, 240, 672 S.E.2d 799, 802 (Ct. App. 2009) ("[S]ummary judgment is not appropriate when further inquiry into the facts of the case is desirable to clarify the application of law.").  Additionally, we find the circuit court erroneously considered a draft short sale agreement in granting Newtek's motion for summary judgment.  *See Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 409 S.C. 568, 577–78, 762 S.E.2d 696, 701 (2014) ("When a writing, upon its face, imports to be a complete expression of the whole agreement, and contains thereon all that is necessary to constitute a contract, it is presumed that the parties have introduced into it every material item and term, and parol evidence is not admissible to add another term to the agreement, although the writing contains nothing on the particular item to which the parol evidence is directed.")*; In re Estate of Holden*, 343 S.C. 267, 276, 539 S.E.2d 703, 708 (2000) (explaining that the parol evidence rule is a rule of substantive law rather than a rule of evidence, and as such, "admission of evidence violating the parol evidence rule is legally incompetent and should not be considered even if no objection is made at trial").

---

[1] In his capacity as president of Krishna of Orangeburg, Inc., Mehta contracted to sell the Property to Quantum for $437,000.  The short sale closed on September 10, 2013.  Later that day, Quantum sold a portion of the Property for $605,000.

2.  We also find the circuit court erroneously denied Mehta's motion to amend the pleadings.  Indeed, the circuit court acknowledged that granting the motion to amend would have been proper had it denied summary judgment.  *See* Rule 15(a), SCRCP ("A party may amend his pleading once as a matter of course at any time before or within 30 days after a responsive pleading is served . . . .  Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires and does not prejudice any other party."); *Lee v. Bunch*, 373 S.C. 654, 660, 647 S.E.2d 197, 200 (2007) ("A motion to amend is addressed to the sound discretion of the trial judge, and the party opposing the motion has the burden of establishing prejudice."); *Brown v. James*, 389 S.C. 41, 59–60, 697 S.E.2d 604, 614 (Ct. App. 2010) ("Courts have wide latitude in amending pleadings and '[w]hile this power should not be used indiscriminately or to prejudice or surprise another party, the decision to allow an amendment is within the sound discretion of the trial court and will rarely be disturbed on appeal.'" (quoting *Berry v. McLeod*, 328 S.C. 435, 450, 492 S.E.2d 794, 802 (Ct. App. 1997))); *id.* ("The trial judge's finding will not be overturned without an abuse of discretion or unless manifest injustice has occurred." (quoting *Berry*, 328 S.C. at 450, 492 S.E.2d at 802)).  Accordingly, we remand this issue to the circuit court to determine whether Newtek's alleged misrepresentations are actionable under a negligent misrepresentation theory as contemplated in Mehta's amended complaint.

**REVERSED AND REMANDED.**[2]

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.