**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, Respondent,

v.

Johnson D. Koola, First Citizens Bank and Trust Company, Inc. f/k/a First Citizens Bank and Trust Company of South Carolina, and Cambridge Lakes Condominium Homeowners Association, Inc. f/k/a Cambridge Lakes Horizontal Property Regime, Defendants,

Of whom Johnson D. Koola is the Appellant.

Appellate Case No. 2023-000819

---

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

---

Unpublished Opinion No. 2025-UP-185
Submitted May 1, 2025 – Filed June 11, 2025

---

**AFFIRMED**

---

Johnson D. Koola, of Mount Pleasant, pro se.

Henry Guyton Murrell, of Scott and Corley, P.A., Kevin Ted Brown, of Brock & Scott, PLLC, and Allison Earlin

Heffernan, all of Columbia; and Nicole Margaret Arcodia and Jessica O'Brien Peretz, both of McGuireWoods LLP, of Charlotte, North Carolina; all for Respondent.

———————

**PER CURIAM:**  Johnson D. Koola appeals the master-in-equity's (1) grant of summary judgment to U.S. Bank Trust, N.A. (USBNA) in its foreclosure action against Koola, and (2) denial of Koola's motion for homestead exemption in foreclosure.  On appeal, Koola argues the master erred in granting USBNA summary judgment when (1) USBNA lacked standing in foreclosure, and res judicata did not preclude Koola from challenging USBNA's standing; (2) the master improperly relied upon a 2019 bankruptcy court order to determine whether USBNA had proper standing; and (3) the master fraudulently altered a 2018 bankruptcy court order in favor of USBNA.  Additionally, Koola argues the master erred in finding his motion for homestead exemption was inapplicable in foreclosure.  We affirm the master's summary judgment order and order denying homestead exemption pursuant to Rule 220(b), SCACR.

We hold the master did not err in granting USBNA summary judgment.  *See Bank of Am., N.A. v. Draper*, 405 S.C. 214, 219, 746 S.E.2d 478, 480 (Ct. App. 2013) ("When reviewing the grant of a summary judgment motion, [the appellate] court applies the same standard that governs the [circuit] court under Rule 56(c) [of the South Carolina Rules of Civil Procedure]; summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.").  First, as to Koola's argument that USBNA lacked standing and res judicata was not applicable, we hold the master's ruling that judicial estoppel barred Koola from arguing that USBNA lacked standing is the law of the case, and that the two-issue rule precludes our consideration of Koola's standing argument.  *See Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010), *abrogated on other grounds by Repko v. County of Georgetown*, 424 S.C. 494, 818 S.E.2d 743 (2018) ("Under the two[-]issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case."); *compare Plum Creek Dev. Co. v. City of Conway*, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999) ("Res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties."), *with Hayne Fed. Credit Union v. Bailey*, 327 S.C. 242, 251, 489 S.E.2d 472, 477 (1997) ("Judicial estoppel precludes a party from adopting a position in conflict with one earlier taken in the same or related litigation.").  Second, we hold the master did not err in relying

upon a January 15, 2019 bankruptcy court order in deciding USBNA had standing in foreclosure. *See Bank of Am., N.A.*, 405 S.C. at 219, 746 S.E.2d at 480 ("When reviewing the grant of a summary judgment motion, [the appellate] court applies the same standard that governs the [circuit] court under Rule 56(c) [of the South Carolina Rules of Civil Procedure]; summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Venture Eng'g, Inc. v. Tishman Const. Corp. of S.C.*, 360 S.C. 156, 163, 600 S.E.2d 547, 550 (Ct. App. 2004) ("When a bankruptcy court's order is erroneous, it is correctable only through the federal court and, under the circumstances, the [circuit] court and [the appellate] court are required to accept the bankruptcy court's order as it was rendered and entered."). Third, we hold Koola's argument that the master erred by "fraudulently alter[ing]" a September 28, 2018 bankruptcy court order is unpreserved for review because Koola failed to raise this argument to the master. *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the lower court.").

To any remaining extent that Koola argues the master erred in granting USBNA summary judgment due to lack of either personal jurisdiction or subject matter jurisdiction, we hold the master had proper jurisdiction over the foreclosure. *See Fassett v. Evans*, 364 S.C. 42, 47, 610 S.E.2d 841, 843 (Ct. App. 2005) ("It is the plaintiff[']s burden to show that the court has personal jurisdiction over the defendant."); *State v. Dudley*, 354 S.C. 514, 542, 581 S.E.2d 171, 186 (Ct. App. 2003) ("A defendant may waive any complaints he may have regarding personal jurisdiction by failing to object to the lack of personal jurisdiction and by appearing to defend his case."); *Seels v. Smalls*, 437 S.C. 167, 172, 877 S.E.2d 351, 353 (2022) ("The question of subject matter jurisdiction is a question of law." (quoting *Byrd v. McDonald*, 417 S.C. 474, 478, 790 S.E.2d 200, 202 (Ct. App. 2016))); *id*. at 172, 877 S.E.2d at 354 ("Questions of law involving subject matter jurisdiction . . . are reviewed de novo . . . ."); *Bardoon Props., NV v. Eidolon Corp.*, 326 S.C. 166, 169, 485 S.E.2d 371, 372 (1997) ("Subject matter jurisdiction refers to the court's power to hear and determine cases of the general class to which the proceedings in question belong."); Rule 71, SCRCP (providing for the master's jurisdiction over foreclosure proceedings, judgments, and sales).

We also hold the master did not err in denying Koola's motion for homestead exemption. *See Univ. of S. California v. Moran*, 365 S.C. 270, 274, 617 S.E.2d 135, 137 (Ct. App. 2005) ("An issue regarding statutory interpretation is a question of law."); *Town of Summerville v. City of N. Charleston*, 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008) ("[The appellate c]ourt reviews questions of law de novo.").

Initially, to the extent Koola argues (1) a homestead waiver provision in the mortgage was unenforceable, (2) denial of the homestead motion violated the South Carolina constitution, or (3) the master erred in failing to cite applicable state law, we hold these arguments are unpreserved for review because Koola failed to raise these arguments to the master. *See Elam*, 361 S.C. at 23, 602 S.E.2d at 779-80 ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the lower court.").

We hold Koola's argument that homestead exemption under section 15-41-30(A)(1)(a) of the South Carolina Code (Supp. 2024) was applicable in his foreclosure contradicts the legislative intent underlying the statute; therefore, the master did not err in finding section 15-41-30(A)(1)(a) inapplicable in Koola's foreclosure. *See Mitchell v. City of Greenville*, 411 S.C. 632, 634, 770 S.E.2d 391, 392 (2015) ("The cardinal rule of statutory interpretation is to ascertain and effectuate the legislative intent whenever possible."). Foreclosure on mortgage liens and execution of judgment liens are two distinct actions governed by separate statutes. *Compare* S.C. Code Ann. §§ 29-3-610 to -800 (2007 & Supp. 2024) (describing foreclosure on mortgage liens), *with* S.C. Code Ann. §§ 15-35-160 to -960 (2005 & Supp. 2024) (describing execution of judgment liens); *compare* S.C. Code Ann. § 29-3-630 (2007) (equating a mortgage with an "instrument in writing intended as security for a debt, conferring a power upon the mortgagee or creditor to sell the mortgaged . . . property"), *with* S.C. Code Ann. § 15-35-180 (2005) ("When a judgment requires the payment of money or the delivery of real or personal property it may be enforced in those respects by execution as provided in [Title 15]."), *and* S.C. Code Ann. § 15-39-10 (2005) (providing three methods of judicial execution—against a "judgment debtor['s]" property, his person, or "for the delivery of the possession of real or personal property"—together "deemed the *process of the court*" (emphasis added)).

**AFFIRMED.**[1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] Koola filed a motion requesting oral argument. We deny his request because oral argument would not aid in resolving the issues on appeal, which are either unpreserved or without merit. *See* Rule 215, SCACR ("The appellate court may decide any case without oral argument if it determines that oral argument would not aid the court in resolving the issues."). Therefore, we decide this case without oral argument pursuant to Rule 215, SCACR.